18501

*Ex Parte* FIRST PENNSYLVANIA BANKING AND TRUST COMPANY, Petitioner-Appellant, *In Re* Eliza SAYLES, Plaintiff-Respondent, v. John RUSSELL and one 1965 Mercury Monterey, Bearing 1965 License No. K-78-131 (Penn.), Defendants.

(148 S. E. (2d) 373)

*Messrs. Robinson, McFadden & Moore,* of Columbia, *for Appellant,*

*Messrs. Dallas D. Ball* and *Luther M. Lee,* of Columbia, *for Respondent,*

May 9, 1966.

BRAILSFORD, Justice.

An automobile bearing a Pennsylvania license, owned and operated by John Russell, a resident of Pennsylvania, was in collision with an automobile belonging to Eliza Sayles, apparently a resident of South Carolina, on September 11, 1965. The collision occurred in the State of North Carolina. The Pennsylvania automobile was removed to Richland County, South Carolina. Claiming a collision lien on the automobile by virtue of Section 45-551, South Carolina Code of Laws 1962, Sayles commenced an action in Rich-

land County Court against it and Russell and caused the automobile to be attached. The parties are agreed that the sole issue presented here is whether Sayles has a lien on the Pennsylvania automobile, assuming its negligent operation in North Carolina, by virtue of the South Carolina collision lien statute. The county court conceived the issue to be one of statutory construction, and, finding no territorial limitation expressed in the statute, held that the attachment was authorized. We disagree. With exceptions which are without significance here, the jurisdiction of a state is restricted to its own territorial limits. 81 C. J. S. States § 3.

"* * . * The several States are of equal dignity and authority, and the independence of one implies the exclusion of power from all others. And so it is laid down by jurists, as an elementary principle, that *the laws of one State have no operation outside of its territory, except so far as is allowed by comity;* and that no tribunal established by it can extend its process beyond that territory so as to subject either persons or property to its decisions. * * *" (Emphasis added.) *Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565, 568.

"It is frequently declared that statutes can have no extraterritorial effect. By this statement, it is meant that legislative enactments can only operate, *proprio vigore,* upon persons and things within the territorial jurisdiction of the lawmaking power, and that no law has any effect, of its own force, beyond the territorial limits of the sovereignty from which its authority is derived. Thus, the general rule is that no state or nation can, by its laws, directly affect, bind, or operate upon property or persons beyond its territorial jurisdiction. A statute which purports to have such operation is invalid. * * *" 50 Am. Jur., Statutes, Section 485.

Under this rule, "rather universally recognized," * it is quite clear that the South Carolina statute could not affect the rights or liabilities of the parties flowing from the North Carolina collision. No lien arose in North Carolina under the South Carolina statute, and none was created when the Pennsylvania automobile was transported into this state after the collision.

Reversed and remanded.

Moss, Acting C. J., LEWIS and BUSSEY, JJ., and LEGGE, Acting Associate Justice, concur.

---

* *State of California v. Copus*, 158 Tex. 196, 309 S. W. (2d) 227, 67 A. L. R. (2d) 758.